**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case Nos. 1:00-cr-19; 1:17-cv-128 |
| v. | ) | |
| | ) | Judge Travis R. McDonough |
| RYAN DAVENPORT | ) | |
| | ) | Magistrate Judge H. Bruce Guyton |
| | ) | |

**MEMORANDUM OPINION**

Before the Court are the following motions filed by Petitioner Ryan Davenport: (1) a request for clarification of facts and order for appropriate sentence credit (Doc. 82); (2) a motion for nunc pro tunc credit toward federal sentence for time spent in state custody (Doc. 85); (3) a motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255 (the "§ 2255 motion") (Doc. 86); (4) a motion for deliverance from federal custody (Doc. 87); (5) a motion for an evidentiary hearing (Doc. 93); (6) a motion to reduce sentence (Doc. 94); and (7) a motion to appoint counsel (Doc. 96). Additionally, the Government filed a motion for extension of time to file a response to Davenport's § 2255 motion. (Doc. 89.) For the following reasons, Davenport's motions will be **DENIED**, and the Government's motion for extension of time to file a response to Davenport's § 2255 motion will be **GRANTED**.

**I.   BACKGROUND**

On July 7, 2000, Davenport pleaded guilty to two counts (Counts One and Four) of a four-count indictment. (Doc. 34.) Specifically, Davenport pleaded guilty to one count of bank robbery under Title 18, United States Code, Section 2113(d), and one count of discharge of a firearm during and in relation to the bank robbery in violation of Title 18, United States Code,

Section 924(c).  (*See* Docs. 34, 35).  On November 9, 2000, United States District Court Judge

Curtis L. Collier sentenced Davenport to a total of 157 months' imprisonment, consisting of

thirty-seven months' imprisonment on the bank-robbery charge and one-hundred and twenty

months' imprisonment for discharge of a firearm during the bank robbery, to be served

consecutively.[1]  (Doc. 35.)    Davenport appealed his sentence to the United States Court of

Appeals for the Sixth Circuit.  (*See* Docs. 36, 37.)  On January 24, 2002, the Sixth Circuit

affirmed Davenport's sentence.  *See United States v. Davenport*, 30 F. App'x 338 (6th Cir.

2002).  Davenport subsequently filed a writ of certiorari to the Supreme Court of the United

States, which was denied on April 22, 2002.  *See Davenport v. United States*, 535 U.S. 1029

(2002).

　　According to the Bureau of Prisons, at the time the Court imposed Davenport's federal

sentence, he was under the primary jurisdiction of state authorities in Tennessee and in federal

custody pursuant to a writ.  (*See* Letter from United States Department of Justice, Federal Bureau

of Prisons to United States District Judge Curtis L. Collier (October 5, 2016) (the "BOP

Letter")).[2]  Following his federal sentencing proceedings, the Bureau of Prisons returned

Davenport to state authorities and filed his federal-court judgment as a detainer.  (*Id*.)   On

December 19, 2003, Davenport pleaded guilty to a state-court charge against him for second-

degree murder and was sentenced to nineteen years' imprisonment.  (Doc. 82-1, at 1.)  The state-

court judgment instructs that Davenport's state sentence should run concurrent to his previously

imposed federal sentence.[3]  (*Id*.)  According to the Bureau of Prisons, on March 11, 2016,

---

[1] The Court subsequently granted a motion for downward departure pursuant to Rule 35(b) and reduced Davenport's total term of imprisonment to 155 months.  (Doc. 50.)

[2] A copy of this letter is attached to this order.

[3] The federal-court judgment is silent as to whether Davenport's federal term of incarceration should run consecutive or concurrent to any later-imposed state-court sentence.  (*See* Doc. 35.)

Davenport completed his state sentence and was released to the federal detainer to commence service on his federal sentence. (BOP Letter, at 1.) According to Davenport, upon returning to federal custody, he was notified by the Bureau of Prisons that he would have to serve 155 months in federal custody. (Doc. 82, at 2.)

On October 5, 2016, the Bureau of Prisons sent a letter to Judge Collier. (*See* BOP Letter.) In the letter, the Bureau of Prisons notes that Davenport requested his federal sentence be served concurrently with his state sentence, which would require the Bureau of Prisons to retroactively designate his state institution for service of his federal sentence. (*Id*. at 2.) Citing its desire to administer sentences "in accordance with federal statutes, Bureau policy, and the intent of the sentencing [c]ourt," the Bureau of Prisons requested that Judge Collier "state [his] position with respect to a retroactive designation." (*Id*.) The letter further states that "[i]f, after 60 days, a response has not been received from the Court, the Bureau will complete its review and make a decision regarding this case." (*Id*.) It does not appear that Judge Collier responded to the BOP letter.[4]

Since March 11, 2016, Davenport has filed multiple motions arguing he should receive credit against his federal sentence for his time served in state custody. (*See* Docs. 82, 85, 87, 93.) Davenport has also filed a motion to vacate, set aside, or correct his sentence pursuant to

---

However, on January 7, 2004, Davenport's attorney in the state proceedings sent a letter to Assistant United States Attorney Steve Neff. (Doc. 93, at 4.) In that letter, Davenport's attorney represented he was in the process of resolving Davenport's state charges and indicated there was an agreement with the state court that his sentence on the state charges would run concurrent to his federal sentence. (*Id*.) Davenport's attorney also requested that Neff consent to filing an agreed order that Davenport's "federal time be concurrent with his state time and he get credit for the time since his federal sentence." (*Id*.) However, there is nothing in the federal-court record indicating that the Government ultimately consented to running Davenport's state sentence concurrent to his federal sentence.

[4] By the time of the Bureau of Prisons' letter, this matter had been reassigned to the undersigned.

Title 28, United States Code, Section 2255, arguing, among other things, that he received

ineffective assistance of counsel. (Doc. 86.) Finally, Davenport has filed a motion to reduce his

sentence and a motion to appoint counsel. (Docs. 94, 96.) Davenport's motions are now ripe for

the Court's review.

## II. DAVENPORT'S MOTIONS

### a. Request for Clarification of Facts and Order for Appropriate Sentence Credit (Doc. 82) and Motion for Nunc Pro Tunc Credit Toward Federal Sentence for Time Spent in State Custody (Doc. 85)

Davenport requests that the Court order he receive credit against his federal sentence for

time he served in state custody, arguing that the state-court judgment entered after the Court

imposed his federal sentence reflects the state court's intent to have his state sentence run

concurrent to his federal sentence. (Docs. 82, 85.)

The Court lacks authority to order that Davenport receive credit against his federal

sentence for time he served in state custody or to order a retroactive designation of concurrency.

Under Title 18, United States Code, Section § 3621(b), "[i]n appropriate cases, the BOP may

exercise its discretion to effectuate a state court order regarding concurrent sentencing by

retroactively designating the state prison as a prisoner's place of federal confinement." *Ruff v.*

*Butler*, No. 16-5565, 2017 WL 5135545, at *2 (6th Cir. June 16, 2017). In making this

determination, the BOP considers factors, such as a potential facility's resources, the nature and

circumstances of the offense, and the stated intentions of the sentencing court. 18 U.S.C. §

3621(b). This authority "belongs only to the BOP . . . ." *United States v. Profitt*, No. 3:06-cr-

136, 2014 WL 408299, at *4 (S.D. Ohio Feb. 3, 2014). "'[T]he federal sentencing court [ ] lacks

the power to order concurrency' after the imposition of its original sentence and the later

imposition of a state court sentence." *Id.* (quoting *Barden v. Keohane*, 921 F.2d 476, 483 (3d

Cir. 1990)).

Here, it is not clear whether the Bureau of Prisons ultimately denied Davenport's request

for a retroactive concurrent designation. If it has, and Davenport wishes to challenge that

decision, the appropriate vehicle is a petition under Title 28, United States Code, Section 2241,

once Davenport has exhausted his administrative remedies with the Bureau of Prisons. *See id.*;

*Ruff*, 2017 WL 5135545, at *1–2. Additionally, any petition filed pursuant to 28 U.S.C. § 2241

should be filed in the district where the prisoner is incarcerated. *United States v. Garcia-

Echaverria*, 374 F.3d 440, 449 (6th Cir. 2004). Because Davenport is currently incarcerated at a

Bureau of Prisons facility in Atlanta, Georgia (*see* Doc. 96-1, at 1), this Court lacks jurisdiction

to grant relief under § 2241.

To the extent Davenport argues the state court's decision to make its sentence concurrent

to the federal sentence should control, "[i]n our American system of dual sovereignty, each

sovereign—whether the Federal Government or a State—is responsible for the administration of

its own criminal justice system." *Setser v. United States*, 566 U.S. 231, 241 (2012) (internal

quotation marks omitted). "If a prisoner . . . starts in state custody, serves his state sentence, and

then moves to federal custody, it will always be the Federal Government . . . that decides

whether he will receive credit for the time served in state custody." *Id.*; *see also Ruff*, 2017 WL

5135545, at *3 ("[N]either the federal courts nor the Bureau are bound in any way by the state

court's direction that the state and federal sentences run concurrently." (internal quotation marks

omitted)). Accordingly, the state court's contemplation of a concurrent sentence does not dictate

how Davenport is to serve his federal sentence.

### b. Motion to Vacate, Set Aside, or Correct Sentence (Doc. 86)

Davenport has also filed a motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255.[5] Although not entirely clear, as the basis for his motion, Davenport appears to assert that: (1) he received ineffective assistance of counsel because his counsel "failed to deliver a concurrent sentence as promised"; (2) he received ineffective assistance of counsel because his counsel failed to object to the Court's imposition of a consecutive sentence on his federal charges for bank robbery and discharge of a firearm during a bank robbery; (3) under *Dean v. United States*, 137 S. Ct. 1170 (2017), the Court erred in sentencing him to thirty-seven months on the bank-robbery charge and one-hundred and twenty months on the discharge-of-a-firearm-during-a-bank-robbery charge; and (4) the Court, without jurisdiction, "resentenced" him by clarifying that his sentences were to run consecutively.[6] (Doc. 86, at 4–5.)

#### i. *Timeliness of Petition*

Title 28, United States Code, Section 2255(f) is a one-year statute of limitations on all petitions for collateral relief under § 2255 running from: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if

---

[5] On June 22, 2017, the Government filed a motion for extension of time to file its response to Davenport's § 2255 motion (Doc. 89), and, on July 27, 2017, the Government filed its response (Doc. 92). The Government's motion for extension of time to file its response (Doc. 89) is **GRANTED**.

[6] In his § 2255 motion, Davenport incorrectly asserts that, in Document 84, the Court granted a motion from the Government and stated that his sentences were to run consecutive. Document 84 is a response brief filed by the Government arguing against Davenport's request that his time served in state custody be credited toward his federal sentence. Document 84 is not an order from the Court, and it does not clarify the Court's position regarding concurrent or consecutive sentencing issues.

the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In this case, Davenport's § 2255 motion is not timely. The Supreme Court denied Davenport's request for a writ of certiorari on April 22, 2002, and his conviction became final for purposes of § 2255(f)(1) that same date. *See, e.g.*, *Clay v. United States*, 537 U.S. 522, 525, 532 (2003) (explaining that in the case of a direct appeal a petitioner's conviction becomes final upon denial of certiorari). Davenport did not file the instant motion until May 15, 2017—almost fifteen years after his judgment became final. (*See* Doc. 86.) Accordingly, Davenport's motion is not timely under 28 U.S.C. § 2255(f)(1).

To the extent Davenport contends that his § 2255 motion is timely because it was filed within one year of the Supreme Court's decision in *Dean*, that argument fails because *Dean* did not announce a "newly recognized" constitutional right made retroactively applicable. Rather, *Dean* merely explained that a sentencing court could consider a lengthy mandatory minimum sentence under Title 18, United States Code, Section 924(c) in crafting its sentence on the non-924(c) predicate offense. *See Dean*, 137 S. Ct. at 1177–78. As such, *Dean* does not announce a new rule of law; it merely provides further insight into the factors a court may take into consideration in crafting an appropriate sentence under Title 18, United States Code, Section 3553(a) and the United States Sentencing Guidelines. Accordingly, Davenport's motion is not timely under 28 U.S.C. § 2255(f)(3).

Finally, to the extent Davenport contends that he did not learn of the facts supporting his claim until he returned to federal custody in 2016, his motion remains untimely. Davenport's counsel filed a request for clarification of facts and order for appropriate sentence credit on March 29, 2016, thereby demonstrating that Davenport was aware of the issues underlying his § 2255 motion as of that date. (Doc. 82.) Davenport, however, did not file his § 2255 motion until May 15, 2017, more than one year later. Accordingly, Davenport's motion is not timely under 28 U.S.C. § 2255(f)(4).

For these reasons, Davenport's § 2255 motion is not timely and is barred by the one-year statute of limitations.[7] The Court will, therefore, **DENY** Davenport's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.

### ii. *Merits of Petition*

Even if Davenport's motion were timely, it would fail on the merits. To collaterally attack his conviction based on ineffective assistance of counsel, Davenport must establish that his "lawyer[ ] performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The performance inquiry requires the petitioner to "show that counsel's representation fell below an objective standard of

---

[7] Additionally, nothing in the record supports equitable tolling of the one-year statute of limitations. While the one-year statute of limitations applicable to § 2255 motions is subject to equitable tolling, *Solomon v. United States*, 467 F.3d 928, 933, 935 (6th Cir. 2006), tolling is applied sparingly, *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005). To be entitled to equitable tolling, a habeas petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In this case, Davenport has not provided facts demonstrating that he has been diligently pursuing his rights or that some extraordinary circumstance prevented timely filing the present motion.

reasonableness." *Strickland*, 466 U.S. at 688. The prejudice inquiry requires the petitioner to

"show that there is a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different." *Id.* at 694. Generally, there is a "strong

presumption that counsel's conduct falls within the wide range of reasonable professional

assistance." *Id.* at 689. Therefore, the Court should resist "the temptation to rely on hindsight . .

. in the context of ineffective assistance claims." *Carson v. United States*, 3 F. App'x 321, 324

(6th Cir. 2001); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance

requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct

the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's

perspective at the time.").

In this case, Davenport fails to demonstrate that his counsel's conduct fell below an

objective standard of reasonableness based on his counsel's failure to ensure that his federal

sentence would run concurrent to any future sentence imposed on state charges. Davenport

pleaded guilty to a second-degree murder charge in December 2003—approximately three years

after receiving his sentence in federal court on his bank robbery charges. Davenport's

presentence investigation report does not reference the murder or any potential charges related to

the murder, and there is nothing in the record suggesting that counsel was aware of the potential

murder charge.[8] Under these circumstances, there is nothing in the record to support

Davenport's argument that counsel's performance fell below an objective standard of

---

[8] While Davenport's state-court attorney did send the Government a letter in January 2004, requesting that it consent to running his state and federal sentences concurrently (Doc. 93-4, at 4), that letter—sent almost three-and-a-half years after Davenport received his federal-court sentence—does not suggest that Davenport's federal-court attorney knew or should have known that he potentially faced second-degree murder charges in state court.

reasonableness by failing to obtain an order from the Court that his federal sentence run

concurrent to any future sentence imposed on state charges.

Similarly, Davenport's claim that he received ineffective assistance of counsel when his

counsel failed to object to the Court's imposition of consecutive sentences on his federal charges

for bank robbery and discharge of a firearm during a bank robbery also fails. In *Simpson v.*

*United States*, 435 U.S. 6, 15 (1978), the Supreme Court held that, "in a prosecution growing out

of a single transaction of bank robbery with firearms, a defendant may not be sentenced under

both § 2113(d) and § 924(c)."[9] *See also Busic v. United States*, 446 U.S. 398, 404 (1980)

(holding that "prosecution and enhanced sentencing under § 924(c) is not permissible where the

predicate felony statute contains its own enhancement provision"). The Supreme Court reasoned

that Congress did not authorize the imposition of an enhanced penalty under § 2113(d) when a

robbery is committed by the use of a dangerous weapon or device and the imposition of an

additional consecutive penalty under § 924(c) when a person uses a firearm to commit a felony.

*Simpson*, 435 U.S. at 11–16. Despite this holding, the United States Court of Appeals for the

Sixth Circuit has held that subsequent legislative amendments to the language of § 924(c)

superseded the Supreme Court's holding in *Simpson* such that Congress has expressly authorized

the imposition of a sentence under § 2113(d) and a mandatory consecutive sentence under §

924(c), and that imposition of such a sentence does not violate the Double Jeopardy clause of the

---

[9] Title 18, United States Code, Section 2113(d) provides that, if a person committing a bank robbery "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, [he] shall be fined under this title or imprisoned not more than twenty-five years, or both." Title 18, United States Code, Section 924(c) provides that, if a person discharges a firearm during and in relation to a crime of violence, that person shall "be sentenced to a term of imprisonment of not less than 10 years."

United States Constitution.  *See United States v. Moore*, 917 F.2d 215, 228–30 (6th Cir. 1990).

Accordingly, Davenport's argument that his counsel's performance fell below an objective

standard of reasonableness or that he was prejudiced by counsel's failure to object to the

imposition of consecutive sentences on his federal charges for bank robbery and discharge of a

firearm during a bank robbery is without merit.

Davenport's argument that the Supreme Court's opinion in *Dean* requires the Court to set

aside, vacate, or correct his sentence also fails.  Although not entirely clear, Davenport appears

to argue that, pursuant to *Dean*, the Court should have lowered his sentence on the bank robbery

charge to one day because the one-hundred and twenty month mandatory consecutive sentence

imposed for discharging a firearm during the bank robbery was sufficient to meet the sentencing

goals articulated in 18 U.S.C. § 3553(a).  In *Dean*, the Supreme Court held that, in calculating

the sentence for a predicate offense, like bank robbery, the sentencing court is not required to

ignore the fact that the defendant will serve a lengthy consecutive mandatory-minimum sentence

imposed under § 924(c).  *Dean*, 137 S. Ct. at 1177–78.  *Dean* does not, however, support the

proposition that a sentencing court must lessen the sentence imposed on the predicate offense if

the defendant faces a lengthy mandatory consecutive under § 924(c) or that the sentencing court

must announce whether it took the mandatory consecutive under § 924(c) into consideration in

crafting an appropriate sentence for the predicate offense.  Accordingly, *Dean* fails to provide a

basis for relief under § 2255.

Finally, to the extent Davenport contends that the Court "resentenced" him to a

consecutive sentence after the imposition of its original judgment, that argument fails because

the Court has not resentenced him and has not stated that his federal and state sentences are to be

served consecutively.  Davenport's federal-court judgment is silent as to whether any future

sentences imposed on state charges are to be served consecutively or concurrently, and, contrary to Davenport's assertions otherwise, the Court has not granted a motion from the Government requesting the imposition of consecutive sentences or otherwise ruled that his federal and state sentences are to run consecutively.[10]

For these reasons, even if Davenport's § 2255 motion were timely, the Court would still **DENY** the motion on the merits of Davenport's arguments.

### c. Motion for Deliverance from Federal Custody (Doc. 87) and Motion for Evidentiary Hearing (Doc. 93)

In his motion for "writ of deliverance from federal custody," Davenport asserts that he is entitled to immediate release from custody, arguing that the Court's previously imposed federal sentence of 157 months' incarceration exceeds the statutory-maximum sentence and, thus, violates the Due Process Clauses contained in the Fifth and Fourteenth Amendments of the United States Constitution. (Doc. 87, at 1.) Davenport has also filed a motion requesting an evidentiary hearing regarding his motion for writ of deliverance from federal custody. (Doc. 93.)

Although not entirely clear, it appears that Davenport is arguing that his term of imprisonment on his federal charges should have ended while he was in state custody in December 2013, approximately 157 months after the Court imposed his federal sentence. As discussed above, however, the Court lacks authority to order that Davenport receive credit against his federal sentence for time he served in state custody or to order a retroactive designation of concurrency. As such, Davenport's current incarceration in federal custody does not exceed any applicable statutory-maximum sentence and, thus, does not violate the Due

---

[10] As noted above, Davenport asserts that the Court granted a motion from the Government and stated that his federal and state sentences were to be served consecutively in Document 84. Document 84, however, is a response brief filed by the Government and, as such, does not contain any ruling from the Court.

Process Clauses contained in the Fifth and Fourteenth Amendments of the United States Constitution. Accordingly, the Court will **DENY** Davenport's motion for a writ of deliverance from federal custody (Doc. 87) and his motion for an evidentiary hearing (Doc. 93).

### d. Motion to Reduce Sentence (Doc. 94) and Motion to Appoint Counsel (Doc. 96)

Davenport asserts that he is entitled to a sentence reduction under Title 18, United States Code, Section 3582(c)(2), based on retroactive application of United States Sentencing Guidelines Amendment 660. (Doc. 94.) Specifically, Davenport contends that under Amendment 660, which clarifies circumstances under which a court may impose concurrent sentences, he is entitled to have his federal sentence run concurrent to his already-served state sentence. (*Id*. at 1–2.)

Title 18, United States Code, Section 3582(c)(2) authorizes a court to reduce a defendant's sentence where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" if the amendment is designated retroactively applicable by the Sentencing Commission. *See also United States v. Dullen*, 15 F.3d 68, 70 (6th Cir. 1994); U.S.S.G. § 1B1.10(a), (d). In this case, contrary to Davenport's representations otherwise, the Sentencing Commission has not designated Amendment 660 as retroactively applicable. U.S.S.G. § 1B1.10(d). Accordingly, Davenport's motion to reduce his sentence (Doc. 94) and his motion to appoint counsel in connection with his motion to reduce his sentence (Doc. 96) will be **DENIED**. *See Dullen*, 15 F.3d at 70.

## III.   CONCLUSION

For the reasons stated herein, the Government's motion for extension of time to file its response to Davenport's § 2255 motion (Doc. 89) is **GRANTED**. Additionally, Davenport's:

13

(1) request for clarification of facts and order for appropriate sentence credit (Doc. 82) is **DENIED**; (2) motion for nunc pro tunc credit toward federal sentence for time spent in state custody (Doc. 85) is **DENIED**; (3) motion to vacate, set aside, or correct his sentence pursuant to Title 28, Section 2255 of the United States Code (Doc. 86) is **DENIED**; (4) motion for deliverance from federal custody (Doc. 87) is **DENIED**; (5) motion for an evidentiary hearing (Doc. 93) is **DENIED**; (6) motion to reduce sentence (Doc. 94) is **DENIED**; and (7) motion to appoint counsel (Doc. 96) is **DENIED**.

      **AN APPROPRIATE JUDGMENT WILL ENTER**.

*/s/Travis R. McDonough*

**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**
